UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80380-CIV-Dimitrouleas/Matthewman

KARL ERIC SEARCY, as Personal
Representative of the Estate of MATTHEW
MARTIN SEARCY, deceased,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

FILED BY _____ D.C.
NOV 22 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER ON PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT UNITED STATES OF AMERICA'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION [DE 16]

**THIS CAUSE** is before the Court upon Plaintiff's, Karl Eric Searcy, as Personal Representative of the Estate of Matthew Martin Searcy, deceased ("Plaintiff") Motion to Determine Sufficiency of Defendant United States of America's Responses to Plaintiff's First Set of Requests for Admission [DE 16]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 11. Defendant, United States of America ("the Government"), has filed a Response [DE 17], and Plaintiff has filed a Reply [DE 19]. The Court held a hearing on the Motion on November 21, 2019. The matter is now ripe for review.

### I.    BACKGROUND

On March 18, 2019, Plaintiff filed his Complaint [DE 1] pursuant to the Federal Tort Claims Act. The facts alleged are quite tragic. According to the Complaint, Matthew Searcy was born on June 8, 1983, and was killed on December 19, 2017. *Id.* at p. 2. On December 19, 2017, he

1

was operating a motorcycle when David Singh, who was driving a Dodge Caravan owned and operated by the United States Department of Homeland Security, caused a collision with the motorcycle being driven by Matthew Searcy. *Id.* at pp. 3-4. Matthew Searcy was killed at the scene of the crash. *Id.* at p. 4.

Plaintiff propounded his First Set of Requests for Admission to the Government on September 6, 2019. [DE 16-1]. On October 3, 2019, the Government served its Response to Plaintiff's First Request for Admissions. [DE 16-2].

In the Motion, Plaintiff seeks a court determination of the sufficiency of the Government's responses to Requests for Admission # 1, 2, 3, 4, 5, 7 and 8. These requests are listed below.

> **Request No. 1:**
> On December 19, 2017, David Singh negligently operated the vehicle he was driving so as to cause a crash with Matthew Searcy.
>
> **Request No. 2:**
> The negligence of David Singh was a legal cause of the crash with Matthew Searcy on December 19, 2017.
>
> **Request No. 3:**
> The negligence of David Singh was the sole legal cause of the crash with Matthew Searcy on December 19, 2017.
>
> **Request No. 4:**
> Matthew Searcy was not negligent in causing the crash on December 19, 2017.
>
> **Request No. 5:**
> No individuals or entities other than David Singh are responsible for the crash that occurred on December 19, 2017.
>
> **Request No. 7:**
> The negligence of David Singh on December 19, 2017 caused Matthew Searcy to be killed.
>
> **Request No. 8:**
> The negligence of David Singh on December 19, 2017 was the sole legal cause of Matthew Searcy's death.

DE 16-1. In response to Requests for Admission # 1, 2, 3, 7, and 8, the Government responded that "[t]he determination of whether [David Singh] was negligent calls for a legal conclusion, and that conclusion does not request factual information. The Defendant objects on that basis." [DE 16-2]. In response to Requests for Admission # 4 and 5, the Government responded as follows: "[s]ame response as response to number one above; additionally, discovery is ongoing and experts will be analyzing the evidence to assist in this determination." *Id.*

Plaintiff argues in his Motion that "[i]issues of negligence, comparative negligence, and causation are factual questions normally to be determined by the trier-of-fact. To the extent the requests for admission require Defendant to apply law to the facts, such requests are clearly permissible under Rule 36(a)(1)." [DE 16, p. 1]. Plaintiff also contends that the Government has had sufficient time to determine if Matthew Searcy, or any other party other than David Singh, was at all negligent in causing the crash. *Id.* at p. 6. According to Plaintiff, an insufficient response to Request for Admission #5 will prejudice him because the deadline for amending pleadings and adding parties is set for December 5, 2019. *Id.* at pp. 6-7. Plaintiff also contends that the insufficient responses to the Requests will require him to expend his financial resources on an accident reconstructionist expert and conducting depositions when these expenses may be unnecessary.

In response, the Government asserts that the Requests for Admission do not seek factual information, but rather improperly seek a pure determination of law. [DE 17, p. 2]. Next, the Government contends that the parties have already retained experts in this case, so resources have already been expended. *Id.* at p. 4. Finally, the Government argues that Plaintiff's counsel has already asked Mr. Singh similar questions regarding comparative negligence at his deposition, but,

3

based on Mr. Singh's testimony and the lack of witnesses to the accident, the Government needs an expert to determine comparative negligence. *Id.* at pp. 4-5.

In reply, Plaintiff again argues that his Requests for Admission seek the application of law to fact, rather than pure legal conclusions, and that his Requests "are the exact type of questions that a trier-of-fact would be asked to answer in a motor vehicle negligence case." [DE 19, p. 2]. Next, Plaintiff acknowledges that he has retained an accident reconstruction expert, but maintains that the "expenses associated with the continued retention of said accident reconstruction expert will continue to mount through the discovery phase, preparation of an expert report, and expert deposition." *Id.* at p. 5. Finally, Plaintiff argues that his Requests for Admissions are intended to conserve the resources of the Court and the parties. *Id.*

## II. DISCUSSION

Federal Rule of Civil Procedure 36, which governs Requests for Admissions, states as follows: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36. "Although Rule 36(a) authorizes a party to serve a request for production relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law." *Gross v. Guzman*, No. 11-23028-CIV, 2013 WL 12091159, at *10 (S.D. Fla. Jan. 25, 2013) (citing *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002); 8B Charles Alan Wright, Arthur R. Miller,

and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2255 (3d ed. 2008) ("As the Committee Note indicates, even the amended rule does not allow a request for admission of a pure legal conclusion.")). "Admittedly, 'the distinction between a request that impermissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw.'" *Gross*, 2013 WL 12091159, at *10 (quoting *David v. Katz*, No. CIV.A.94-3989, 2000 WL 1682999, at *2 (E.D. La. Sept. 26, 2000)).

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter." Fed. R. Civ. P. 36. "The Federal Rules provide two avenues for challenging a party's answer to a request for admission: Rule 36(a)(6), which addresses the *form* of the answer, and Rule 37(c)(2), which addresses the answer's *factual accuracy*." *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 742657, at *2 (S.D. Fla. Feb. 24, 2011) (emphasis in original). Rule 36(a)(6) provides that a party may move to determine the "sufficiency of an answer or objection." If the court finds that an objection is not justified, it must order that an answer be served. *See* Fed. R. Civ. P. 36(a)(6).

"The purpose of the Rule is '[to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'" *Dillon v. Palm Beach Cty. Sheriff's Office*, No. 17-80955-CV, 2018 WL 7624877, at *2 (S.D. Fla. Sept. 10, 2018) (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002) (internal quotations omitted)). "The Rule is meant to narrow the scope of disputed issues and reduce litigation costs by 'facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed

facts.'" *Id.* (citing *Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D. Conn. 1988)).

As an initial matter, at the November 21, 2019 discovery hearing, counsel for the Government represented to the Court that the Government will not be asserting the existence of any "Fabre defendant" in this case. Based on this representation, Plaintiff's counsel acknowledged that the upcoming December 5, 2019 deadline to amend the pleadings and add parties is no longer problematic for Plaintiff. In light of this, the Court finds that Plaintiff will not be prejudiced if he does not have more specific responses to the Requests for Admission by December 5, 2019.

Upon careful review of the Motion, Response, and Reply, the relevant Rule, the relevant case law, and counsels' arguments at the November 21, 2019 hearing, the Court finds that Requests for Admission # 1, 2, 3, 4, 5, 7 and 8 all improperly seek admissions to pure conclusions of law. Only one factually similar case from the Eleventh Circuit has been cited by the parties. In that case, the court found that the following Requests for Admission improperly sought legal conclusions regarding negligence: "Enkei did not breach any duty to Universal," "Enkei did not cause or contribute to the accident at issue in this case," "Enkei was not negligent in its manufacture of the trailer wheels at issue in this case," and "Enkei was not negligent in its design of the trailer wheels at issue in this case." *Landberg by & through Landberg v. Universal Trailer Corp. Horse/Livestock Grp.,* No. 1:06-CV-2971-BBM, 2008 WL 11334018, at *5-6 (N.D. Ga. Mar. 14, 2008). At the November 21, 2019 hearing, both parties agreed that the Requests for Admission in the case at hand are extremely similar to the Requests for Admission in the *Landberg* case.

Here, Requests # 2, 3, and 8 all ask about the "legal cause" of the crash. All but one of the Requests at issue utilize the legal terms "negligently", "negligent", or "negligence." The one

Request that does not include a variation of the word "negligence", Request #5, seeks a determination from Defendant as to whether comparative negligence exists in this case—which is a pure legal conclusion. Finally, with regard to Requests #4 and 5, the Court also finds that they are premature as there are no independent witnesses to the accident, and Defendant's expert has not had the opportunity to complete his or her investigation and report.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Determine Sufficiency of Defendant United States of America's Responses to Plaintiff's First Set of Requests for Admission [DE 16] is **DENIED**. This denial is without prejudice to Plaintiff's ability to propound new Requests for Admission that fully comply with Rule 36 and the Court's Scheduling Order. The Court notes that the discovery cut-off in this case is not until April 17, 2020, so Plaintiff has plenty of time to propound new discovery requests and will in no way be prejudiced by the Court's ruling on the Motion.

**DONE and ORDERED** in Chambers this 22nd day of November, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE