**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 19-80380-Civ-DIMITROULEAS**

KARL ERIC SEARCY, as Personal Representative of the Estate of MATTHEW MARTIN SEARCY, deceased,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.
_____/

**PLAINTIFF'S TRIAL BRIEF ON NON-ECONOMIC DAMAGES**

Plaintiff Karl Eric Searcy, as Personal Representative of the Estate of Matthew Martin Searcy ("Plaintiff"), hereby files its Trial Brief on Non-Economic Damages ("Trial Brief"). Plaintiff's Trial Brief is submitted to aid the Court in its assessment of non-economic damages.

**I.    INTRODUCTION**

This case involves the death of Matthew Searcy, who was killed in a motorcycle versus van crash. Matthew Searcy was lawfully traveling westbound on Indiantown Road in Jupiter, Palm Beach County, Florida. At the intersection of Indiantown Road and the entrance ramp to Interstate 95 northbound, David Singh, an ICE agent, turned in a northeasterly direction directly into the westbound lane of Matthew Searcy. The right front fender of the van collided with the front of Matthew Searcy's motorcycle, and he was killed. Matthew Searcy is survived by his wife, Rebecca Searcy and his daughter, Coco Searcy.

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

Plaintiff filed a wrongful death action against the United States ("Defendant") under the Federal Tort Claims Act ("FTCA"). This action is set for a bench trial during the Court's two-week trial calendar commencing on August 10, 2020.

## II.     COMPUTATION OF NON-ECONOMIC DAMAGES[1]

Under the FTCA, the United States is liable for tortious conduct "in the same manner and to the same extent as a private individual under like circumstances." *Turner ex rel Turner v. United States*, 514 F.3d 1194 (11th Cir. 2008), quoting 28 U.S.C. § 2674. "[T]he components and measure of damages in FTCA claims are taken from the law of the state where the tort occurred…" *Bravo v. United States*, 532 F.3d 1154, 1160-61 (11th Cir. 2008).

"Under Florida law, an award of non-economic damages must 'bear a reasonable relation to the philosophy and general trend of prior decisions in such cases.'" *Id.* at 1162 (citing *Johnson v. United States*, 780 F.2d 902, 907 (11th Cir. 1986)). In order to determine the philosophy and general trend of prior decisions, the Eleventh Circuit has stated that courts must look to judgments in similar cases that have been upheld on appeal by the Florida appellate court that would have had jurisdiction over an appeal in the case had it been filed in state court. *Bravo*, 532 F.3d at 1164. Here, Florida's Fourth District Court of Appeal would have had jurisdiction over an appeal if this case had been filed in state court. If there are a limited amount of decisions from the Fourth District Court of Appeal analyzing awards of non-economic damages in similar cases, this court may look to judgments that have been upheld on appeal by other Florida appellate courts, s*ee Dixon v. United*

---

[1] Here, the economic damages are between $4,018,416 – if Matthew Searcy worked until 63.89 years old – and $4,308,945 – if Matthew Searcy worked until 67 years old.

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

*States*, Case No. 15-23502-Civ-Scola, 2017 U.S. Dist. LEXIS 62962, *96 (S.D. Fla. April 17, 2017) *rev'd in part on other grounds*, 900 F.3d 1257 (11th Cir. 2018).

### III.   COMPARABLE CASES – VERDICTS UPHELD BY FLORIDA'S APPELLATE COURTS

In order to aid the Court in determining the philosophy and general trend of prior awards of non-economic damages in reasonably similar cases, Plaintiff points this Court to the following cases where verdicts of non-economic awards were challenged for excessiveness and upheld on appeal by Florida's appellate courts, with primary reliance on cases out of Florida's Fourth District Court of Appeal.

In *Villas on the Green Condo. Ass'n v. Curtis*, 175 So. 3d 809 (Fla. 4th DCA 2015) (per curiam affirmance), the Fourth District Court of Appeal upheld a jury verdict challenged for excessiveness that awarded $6 million in non-economic damages to each surviving parent for the wrongful death of their minor son, a pedestrian riding a bicycle who was struck and killed by a motor vehicle.  The verdict was rendered on March 6, 2013.  The present-day value of $6 million in 2013 is $6,621,612.

In *Hulick v. Beers,* 7 So.3d 1153 (Fla. 4th DCA 2009), the Fourth District Court of Appeal upheld a jury verdict in a wrongful death action that awarded $8 million in non-economic damages to the surviving spouse and $6 million and $5 million in non-economic damages to the surviving children.  Like here, the appeal arose from a fatal automobile accident, which began when the defendant struck the rear of the vehicle driven by decedent Beers.  The undersigned, Christian Searcy, was trial counsel for Mrs. Beers' estate and survivors.  The verdict was rendered on June 21, 2007.  The present-day values of $8 million, $6 million, and $5 million in 2007 are $9,714,516, $7,285,887, and $6,071,572, respectively.

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

In *GMC v. McGee*, 837 So.2d 1010 (Fla. 4th DCA 2002), *as modified on clarification* (Mar. 5, 2003), the Fourth District Court of Appeal upheld a jury verdict that awarded $15 million in non-economic damages to each parent for the wrongful death of their minor child. The appeal arose from a fatal automobile accident, like here. The verdict was rendered on May 18, 1998. The present-day value of $15 million in 1998 is $21,716,036.

In *R.J. Reynolds Tobacco Co. v. Townsend*, 90 So.3d 307 (Fla. 1st DCA 2012), an *Engle* progeny case, the First District Court of Appeal upheld a jury verdict that awarded $10.8 million before apportionment in non-economic damages to the surviving spouse. The verdict was rendered on April 21, 2010. The present-day value of $10.8 million in 2010 is $12,216,509.

In *Walgreen Co. v. Hippely*, 2010 Fla. App. LEXIS 2311 (Fla. 2d DCA Feb. 26, 2010) (per curiam affirmance), the Second District Court of Appeal upheld a jury verdict challenged for excessiveness that awarded $3.5 million in non-economic damages to the surviving spouse and $6.625 million in non-economic damages to each surviving child for the wrongful death of the spouse and mother who died as a result of a mis-filled prescription. The undersigned, Christian Searcy, was trial counsel for Mrs. Hippely's estate and survivors. The verdict was rendered on August 17, 2007. The present-day values of $3.5 million and $6.625 million in 2007 are $4,140,329 and $7,837,051, respectively.

In *Citrus County v. McQuillin*, 840 So.2d 343 (Fla. 5th DCA 2003), the Fifth District Court of Appeal upheld a jury verdict that awarded $4.4 million before apportionment in non-economic damages to the surviving minor child for the wrongful death of his mother who was killed instantly

Case 9:19-cv-80380-WPD   Document 74   Entered on FLSD Docket 07/31/2020   Page 5 of 10

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

in a one-car automobile accident.[2] The verdict was rendered on September 19, 2001. The present-day value of $4.4 million in 2001 is $6,208,771.

In *Compania Dominicana de Aviacon v. Knapp*, 251 So.2d 18 (Fla. 3d DCA 1971), the Third District Court of Appeal upheld a jury verdict that awarded $1.8 million to the surviving parents for the wrongful death of their two children who were killed in a plane crash. The Third District Court of Appeal's opinion affirming the judgment was issued on July 20, 1971. The present-day value of $1.8 million in 1971 is $11,595,709.

The Eleventh Circuit held in *Bravo* that the above appellate court decisions are what the United States District Court for the Southern District of Florida should consider in determining the reasonableness of its award of non-economic damages, with particular reliance on Florida's Fourth District Court of Appeal as that is the appellate court with jurisdiction over where this tort occurred. If we take all of those survivors' verdicts and average them, it comes out to an average of $6,712,500 per survivor, with a present-day average of $9,340,799 per survivor.

If we eliminate surviving parent claims, the surviving spouse and surviving children average $6,332,142 apiece, with a present-day average of $7,639,233 apiece. If we average the surviving spouses' verdicts, it averages out to $7,433,333 per surviving spouse, with a present-day average of $8,690,451 per surviving spouse. If we average the surviving children verdicts, it averages out to $5,506,250 per surviving child, with a present-day average of $6,850,820 per surviving child.

---

[2] The Fifth District Court of Appeal reversed the award for net accumulations; the judgment in all other respects, including the award of $4.4 million in non-economic damages to the surviving minor child, was affirmed.

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

### IV.     COMPARABLE CASES – FEDERAL CASES

Just for comparison sake, Plaintiff further points the Court to the following non-economic damage awards and verdicts rendered in reasonably similar FTCA actions and other federal court cases.[3]

In *Bravo v. United States*, Case No. 04-21807-CIV-Graham/Gonzalez, 2010 U.S. Dist. LEXIS 157736 (S.D. Fla. Sept. 24, 2010), the plaintiffs, parents and their minor son, originally brought a medical malpractice claim pursuant to the FTCA for the personal injuries sustained by the minor son during his birth. Following a bench trial, Judge Gonzalez of the Southern District of Florida found in favor of plaintiffs, awarding plaintiffs a total judgment of $40,485,788.98. *Bravo*, 2010 U.S. Dist. LEXIS 157736 at *1-2. Defendant appealed the decision. While the appeal was pending, the minor son died from the injuries sustained as a result of the medical malpractice. Accordingly, the original medical malpractice personal injury action abated and was replaced by a wrongful death action. *Id.* at 2-3. The Eleventh Circuit Court of Appeals affirmed all aspects of the Court's decision except for the amount of damages awarded and remanded the case to the district court for further proceedings. On remand, Judge Gonzalez of the Southern District of Florida awarded $5 million in non-economic damages to each surviving parent for the wrongful

---

[3] *See Dixon*, 2017 U.S. Dist. LEXIS 62962, *98-99 ("In support of their request for noneconomic damages, the Plaintiffs cite to two [Illinois] federal district court decisions in FTCA cases involving similar facts. The Defendant objects to the Court's consideration of these two decisions .... However, given the lack of appellate decisions in similar cases both within and outside of Florida, the Court has considered both cases."); *see also Tarte v. United States*, Case No. 07-60762-CIV-Dimitrouleas, 2008 U.S. Dist. LEXIS 130513 (S.D. Fla. June 23, 2008) (J. Dimitrouleas) (considering federal district court decisions in FTCA cases in Iowa, Minnesota, Delaware, and California when determining a fair and reasonable award of non-economic damages that would be commensurate with awards given by other district courts in similar circumstances).

Case 9:19-cv-80380-WPD   Document 74   Entered on FLSD Docket 07/31/2020   Page 7 of 10

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

death of their son.  The awards were issued on September 23, 2010.  The present-day value of $5 million in 2010 is $5,912,477.

In *Goodloe v. Royal Caribbean Cruises, Ltd.,* 418 F. Supp. 3d 1112 (S.D. Fla. 2019), a jury awarded $4.8 million in non-economic damages to the surviving child for the wrongful death of her father onboard a cruise ship.  Following the verdict, the defendant filed a motion for remittitur challenging the jury verdict as excessive.  Judge Altonaga of the Southern District of Florida denied the defendant's motion for remittitur while applying Florida law, and upheld the jury's verdict of $4.8 million in non-economic damages to the surviving child.  The verdict was rendered on March 7, 2019.  The present-day value of $4.8 million in 2019 is $4,822,936.

In *Zinn v. United States*, 835 F. Supp. 2d 1280 (S.D. Fla. 2011) (FTCA action), Magistrate Judge Torres of the Southern District of Florida awarded $3 million before apportionment in non-economic damages to the surviving child for the wrongful death of her father due to the negligence of air traffic controllers.  The award was rendered on November 30, 2011.  The present-day value of $3 million in 2011 is $3,423,266.

In *Yoon v. United States,* No. 10-cv-1578, 2011 U.S. Dist. LEXIS 148877 (S.D. Cal. Dec. 28, 2011) (FTCA action), the federal district court awarded $6 million in non-economic damages to the surviving spouse for the wrongful death of his wife who was killed when a fighter jet crashed into the family home.  The award was rendered on December 28, 2011.  The present-day value of $6 million in 2011 is $6,846,531.

In *Stearney v. United States*, 392 F. Supp. 3d 1037 (D. Ariz. 2019) (FTCA action), the federal district court awarded $10 million in non-economic damages to the surviving minor child for the wrongful death of the child's mother and father who were killed in an automobile accident.

Case 9:19-cv-80380-WPD   Document 74   Entered on FLSD Docket 07/31/2020   Page 8 of 10

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

While the Court did not provide a breakdown of the $10 million award, Plaintiff assumes here that $5 million was awarded for the wrongful death of each parent. The award was rendered on May 16, 2019. The present-day value of $5 million in 2019 is $5,023,892.

In *Hurd v. United States,* 134 F. Supp. 2d 745 (D.S.C. 2001) (FTCA action), plaintiffs alleged that the Coast Guard was negligent in initiating a rescue leading to the drowning deaths of several individuals. The case involved two families who lost loved ones, the Cornetts and the Hurds. The federal district court awarded the surviving parent of the two Cornett children $6 million in non-economic damages for the wrongful death of each child. The Hurd parents were awarded $3 million each for the wrongful death of their son. The award was rendered on March 8, 2001. The present-day value of $6 million in 2001 is $8,714,265. The present-day value of $3 million in 2001 is $4,357,132.

If we take all of those federal survivors' verdicts/awards and average them, it comes out to an average of $4,685,714 per survivor, with a present-day average of $5,585,785 per survivor. If we eliminate surviving parent claims, the surviving spouse and surviving children average $4.7 million apiece, with a present-day average of $5,029,156 apiece. The one federal surviving spouse award is $6 million, with a present-day average of $6,846,531. If we average the federal surviving children verdicts/awards, it averages out to $4,266,666 per surviving child, with a present-day average of $4,423,364 per surviving child

V.     CONCLUSION

Plaintiff respectfully requests that the Court consider the above decisions when assessing non-economic damages following the trial of this action in order to reasonably relate the award of non-economic damages to the philosophy and general trend of prior decisions in such cases.

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

Dated this 31st day of July, 2020.

Respectfully submitted,

/s/ Elise Sherr Allison_____
Donald J. Ward, III
Florida Bar No.: 92594
Attorney E-Mail: dward@searcylaw.com
Elise Sherr Allison
Florida Bar No.: 99154
Attorney E-mail: eallison@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9515
Attorney for Plaintiff

Searcy, Eric Karl, as Personal Representative of the Estate of Matthew Searcy, deceased vs. United States of America
Plaintiff's Trial Brief on Non-Economic Damages
Case No.: 9:19-cv-80380-XXXX

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 31st day of July, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

/s/ Elise Sherr Allison_____
Donald J. Ward, III
Florida Bar No.: 92594
Attorney E-Mail: dward@searcylaw.com
Elise Sherr Allison
Florida Bar No.: 99154
Attorney E-mail: eallison@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9515
Attorney for Plaintiff